UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. CRUZ,

    Plaintiff,

v.                                       Case No. 8:11-cv-1264-T-27TBM

HOME DEPOT, U.S.A., INC.,

    Defendant.
                                                 /

## O R D E R

THIS MATTER is before the court on **Defendant's, Home Depot, U.S.A., Inc., Motion to Set a Reasonable Fee** (Doc. 23).[1] By the motion, Defendant seeks an order setting a reasonable fee for attendance at a deposition by the Plaintiff's treating doctor, Dr. Samuel Joseph, who performed an anterior cervical disk fusion at C-5 to C-7 on the Plaintiff in March 2011. In disclosures, Dr. Joseph was identified as a treating physician for surgery.[2] Defendant sought to depose Dr. Joseph and was advised that the doctor requires a $2,000.00 pre-payment fee for a one-hour deposition. Defendant urges that this fee is exorbitant and unreasonable and should be reduced by the court.

Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay

---

[1] A response to the motion is not yet due, but given the representation that the Plaintiff takes no position on the motion and in light of the impending discovery deadline, the court does not need a response in order to rule on the motion.

[2] Defendant's motion notes that Dr. Joseph was recently disclosed as a testifying expert witness.

the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E). While Defendant does not dispute that a fee should be paid, it contests the reasonableness of the requested fee. Defendant suggests that an amount between $500.00 and $750.00 per hour is more in line with what is charged for an expert's deposition time in these circumstances. By way of example, Defendant attaches the CV and fee schedule for its retained expert, Dr. Schulak, who is a board certified orthopedic surgeon in private practice since 1979. Dr. Schulak charges $750.00 for the first hour and $300.00 for each half hour thereafter. Thus, Defendant suggests that an hourly rate of $500 to $750 per hour for Dr. Joseph, who has been in private practice since 2008, is appropriate and reasonable.

Courts in this district have recognized that what is considered a "reasonable fee" in this context is within the court's discretion. *Cartrette v. T & J Transp., Inc.*, No. 3:10-cv-277-J-25MCR, 2011 WL 899523, at *1 (M.D. Fla. Mar. 15, 2011) (quoting *Coley v. Wal-Mart Stores E., LP*, No. 3:06-cv-619-J-20HTS, 2008 WL 879294, at *1 (M.D. Fla. Mar. 28, 2008)). In making the determination as to what constitutes a reasonable fee, courts have considered the following factors:

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight ... sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Catrette*, 2011 WL 899523, at *1 (quoting *Putnal v. Guardian Life Ins. Co. of Am.*, No. 5:04-CV-130-4, 2005 WL 3532381, at *2 (M.D. Ga. Dec. 22, 2005) (internal quotation marks

2

omitted)). The *Catrette* case similarly involved a treating physician expert, and that court noted, "where the testimony is from a treating physician (as opposed to a specially retained expert), the Court should also consider the fact that, '[w]hen knowledge gained [through the doctor-patient] relationship bears on an issue in controversy, the treating physician assumes the obligation born[e] by all citizens to give relevant testimony.'" *Catrette*, 2011 WL 899523, at *1 (quoting *Fraser v. AOL LLC*, No. 3:06-cv-954-J-20TEM, 2008 WL 312670, at *1 (M.D. Fla. Feb. 4, 2008)).

I have reviewed Dr. Joseph's CV (Doc. 23-1), and that of Defendant's orthopedic expert. While Dr. Joseph's credentials are certainly impressive and he is no doubt a fine doctor, his fee demand of $2,000.00 for a one-hour deposition is unreasonable and excessive in this market. Given his status as a treating expert, and upon consideration of the available information, I find that a fee of $750.00 per hour for a deposition or $1000.00 per hour for a video deposition is appropriate and reasonable in this market.

Accordingly, Defendant's, Home Depot, U.S.A., Inc., Motion to Set a Reasonable Fee (Doc. 23) is **granted.** Dr. Joseph shall be paid accordingly for his deposition testimony. Defendant shall prepay the doctor for one hour of his time at the designated rate. Any balance owed shall be paid at the conclusion of the deposition.

**Done and Ordered** in Tampa, Florida, this 12th day of October 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record